IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DERWIN EDWARDS, on behalf of himself and all others similarly situated, | : |
| | : Civil Action No.: 14-3906 |
| Plaintiff, | : |
| v. | : |
| PARIGI GROUP, *et al.* | : |
| Defendants. | : |

FILED
APR - 6 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

---

### ORDER DETERMINING GOOD FAITH
### AND GRANTING FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the Motion of the Class Representative, by his Counsel, Murphy Law Group LLC ("Class Counsel"), for an order and judgment finally approving the Joint Stipulation of Settlement and Release ("Agreement"), previously filed with the Court, and dismissing with prejudice all claims asserted in this matter. After reviewing the Agreement and other related materials submitted by the Parties, and considering any and all objections raised to the settlement, and otherwise being fully apprised of all the facts, the Court hereby enters the following Final Order and Judgment:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. §1331, 29 U.S.C § 216(b) and 28 U.S.C. §1367(a), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated January 12, 2015, and as defined as:

> All persons who worked at Parigi Group's Hatboro Facility either as a full-time employee or on a contract basis through CoreStaff at any time between from June 25, 2011 through June 25, 2014 in the position of warehouse worker or in positions with similar job duties who worked at least forty (40) hours in a work week in at least three (3) work weeks and were subject to Defendants' Unpaid

Rest Break Policy.

2. The Court finds that the Settlement Class, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b). The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3. The Notice given to the members of the Settlement Class adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the Settlement Hearing regarding the approval of the Agreement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23 (e)(1)(B).

4. On April 6, 2015, no members of the Settlement Class attended the Settlement Hearing scheduled for 9:30 am in Courtroom 3-H, notice of which was included in the Class Notice, in order to raise objections, advance questions, and/or present their opposition to the settlement.

5. The Court hereby approves the Agreement and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the risk of decertification of the preliminarily certified class, additional costs, and delay associated with further prosecution of this action. The Court further finds that the Agreement has been reached as a result of intensive, arms-length negotiations, including mediation with the Court.

6. Class Counsel should be awarded the amount of $47,805.00 for fair and reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. The Claims Administrator, RG/2 Claims Administration LLC, shall be awarded an amount not to exceed $6,000.00 for fair and reasonable fees and expenses incurred in the administration of the settlement. Such awards are to be paid from the Settlement Amount as specified in the Agreement.

7. Enhancement Payments, which are to be paid from the Settlement Amount as specified in the Agreement, are approved for the following Class Representatives who performed substantial services for the benefit of the Settlement Class, in the following amounts:

| Name: | Amount: |
|---|---|
| Derwin Edwards | $3,000.00 |

8. The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Agreement and to be determined and paid by the Claims Administrator, are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class who have not requested exclusion from the Settlement in accordance with the Agreement.

9. This Court hereby dismisses with prejudice all claims and actions in this matter under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment & Collection Law, and the claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this

matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

10. All persons who are members of the Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed against Defendants, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter. Any person who filed a valid and timely opt-out form is hereby excluded. All members of the Settlement Class, including all members who did not submit an Exclusion/Opt-Out form, are permanently enjoined from participating in any other collective or class action lawsuit against Defendant or related entities, concerning the claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, unknown or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendant, arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representatives, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.

11. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

**BY THE COURT:**

April 6. 2015

_____
The Honorable David R. Strawbridge

4